United States District Court
Southern District of Texas
ENTERED
SEP 25 1998
Michael N. Milby, Clerk of Court
By Deputy Clerk

#39

United States District Court
Southern District of Texas
FILED
SEP 25 1998
Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ALBERTO AND LUZ RIVERA, ET AL * | |
| * | |
| VS. * | CIVIL ACTION |
| * | NO. B-97-211 |
| POINT ISABEL INDEPENDENT * | |
| SCHOOL DISTRICT, ET AL * | |

## MEMORANDUM ORDER

Before this Court is Defendants' Motion for Summary Judgment and Plaintiffs' and Intervenor's opposition to same. This lawsuit arises from a videotaping of a band room at a high school. Plaintiff alleges that Joe Martinez, the High School Band Director, and Eugene Cottrell, the Assistant Band Director, were involved in placing a video camera in the band room at the high school. The videotape was subsequently aired on T.V. and it depicted several female members changing clothes.

This Court has read the parties' pleadings, considered the issues raised in light of the record and the applicable law and is of the opinion that the pending motion for Summary Judgment should be granted. In support of the aforementioned opinion this Court files the following findings of fact and conclusions of law.

1. On December 10, 1996, Alberto and Luz Maria ("Mr. and Mrs. Rivera") individually and as Next Friends of Vanessa Rivera, filed this lawsuit, suing only the School District and the High School; they did not sue any individual employees of the School District. On December 19, 1997, Ms. Baldovinos intervened in this lawsuit.

The Riveras and Ms. Baldovinos will sometimes be collectively referred as "Complainants".

2. Complainants bring common-law negligence claims against the School District and the High School based upon the allegedly negligent actions of Mr. Martinez and Mr. Cottrell. They assert that Mr. Martinez' actions violated the School District's policy regarding searches of students and their belongings and that such activity constituted an invasion of Ms. Rivera's and Ms. Baldovinos' privacy rights under Texas law.

3. Complainants allege that, under 42 U.S.C. § 1983, the School District is responsible for Mr. Martinez' actions. Additionally, Complainants allege that the School District negligently failed to train and supervise Mr. Martinez. Ms. Rivera and Ms. Baldovinos allege that they have been subjected to severe mental anguish, ridicule and harassment.

4. Defendant Port Isabel High School is not a legal entity, and has no capacity to sue or be sued. Therefore, the High School is entitled to judgment as a matter of law. Tex.Edu.Code § 11.151(a) (Vernon 1996).

5. Defendants Point Isabel Independent School District and Port Isabel High School are also entitled to judgment as a matter of law with respect to all of Complainants' claims. The doctrine of sovereign immunity bars all Complainants' state law claims. *See City of La Porte v. Barfield*, 898 S.W.2d 288, 291 (Tex. 1995). The Texas Tort Claims Act, Tex.Civ.Prac. & Rem.Code Ann. §§ 101.001-> 101.109 (Vernon 1997 & Supp.1998), by action founded

in legislative deliberation and public policy decisions, provides a limited waiver of this sovereign immunity for *most* governmental entities, but explicitly limits such waiver of immunity for school districts to those case where any alleged negligence arises out of the use or operation of a motor driven vehicle. *See Alvarado v. City of Brownsville*, 865 S.W.2d 148, 155, (Tex.App.-Corpus Christi 1993), *rev'd on other grounds*, 897 S.W.2d 750 (Tex. 1995). This case does not arise out of such use or operation .

6.  Ms. Rivera and Ms. Baldovinos likewise cannot prevail on their claims based upon the United States Constitution. The alleged violation of Ms. Rivera's and Ms. Baldovino's constitutionally protected privacy rights simply do not rise to a level justifying constitutional protection as the Supreme Court has repeatedly held. "The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Lewis*, 118 S.Ct. at 1718. Moreover, Ms. Rivera and Ms. Baldovinos have not alleged that Defendants promulgated an unconstitutional policy or custom which caused their alleged injuries, and rather did not challenge same. Rather, Ms. Rivera and Ms. Baldovinos clearly seek to impermissibly impose *respondeat superior* liability upon Defendants for the actions of their employees, in clear contravention of the Supreme Court's prohibition as set forth in *Monell*. *Monell v. New York City Department of Soc. Svcs.* 436 U.S. 658 (1978).

3

7. Mr. & Mrs. Rivera have no cause of action under either Texas or federal law, for their derivative claims related to the alleged violation of their daughter's right to privacy. Texas does not recognize a relational right to privacy, thus foreclosing their attempted state law claims. In *Moore v. Charles B. Pierce Film Enter., Inc.*, 589 S.W.2d 489, 491 (Tex. Civ. App.-Texarkana 1979, writ ref'd n.r.e.), *overruled on other grounds by Cain v. Hearst Corp.*, 878 S.W.2d 577, 584 (Tex. 1994), the Texarkana Court of Appeals restricted the right of recovery under the Texas state law cause of action for invasion of privacy to only the individual whose privacy was allegedly invaded. Furthermore, Mr. and Mrs. Rivera suffered no personal deprivation of a constitutional right, and legally have no federal claims herein.

Because of the foregoing, this Court finds that Defendants' Motion for Summary Judgment should be Granted and this cause of action should be Dismissed with prejudice.

It is so Ordered.

Done at Brownsville, Texas this 25th day of September, 1998.

_____
Filemon B. Vela
United States District Judge

4